UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                          Case No. 8:22-cr-72-KKM-CPT

VITALII CHYCHASOV
_____/

**PRETRIAL DISCOVERY ORDER AND
NOTICE OF TRIAL AND STATUS CONFERENCE**

The Defendant having been arraigned and in order to facilitate a self-executing procedure to regulate discovery proceedings in the instant action and to eliminate or minimize the number of "routine or standard discovery motions,"

**IT IS HEREBY ORDERED**:

I. **Government's Initial Obligations**: That upon request by the Defendant, at arraignment or in writing thereafter, counsel for the government shall, not later than **fourteen (14) days** from the date of the Defendant's request (unless otherwise specified in a particular paragraph), comply with the discovery and disclosure requirements set forth below:

   A. The government shall furnish the following information and documents or supply copies thereof, which are within the possession, custody, or control of the government and the existence of which is known to the government.

      1. All written, recorded, or oral statements made by the Defendant, including grand jury testimony, as defined in Federal Rule of Criminal Procedure 16(a)(1)(A), (B), and (C).

    2.    The Defendant's prior criminal record as defined in Rule 16(a)(1)(D).

    3.    Documents and tangible objects that are material to the preparation of the defense or were obtained from or belong to the Defendant or are intended for use by the government in its case-in-chief, as defined in Rule 16(a)(1)(E). In addition, the government shall notify the Defendant of all tape-recordings or video-recordings obtained during the investigation regardless of whether the recordings will be used in the government's case-in-chief or contain statements of the Defendant.

    4.    Results or reports of physical or mental examination, and of scientific tests or experiments, which are material to the preparation of the defense, or are intended for use by the government, as defined in Rule 16(a)(1)(F).

    5.    At the Defendant's request, the government shall disclose to the Defendant a written summary of testimony the government intends to use under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. *See* Fed. R. Crim. P. 16(a)(1)(G).

**B.**    The government shall state whether the Defendant was identified in any lineup, showup, photo spread, or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

**C.**    The government shall state whether any evidence to be introduced at trial, or leads therefrom, was obtained as a result of a search warrant issued under Federal Rule of Criminal Procedure 41.

**D.**    The government shall state whether the Defendant was the subject of electronic surveillance as defined in 18 U.S.C. § 2510(11), and if so, shall set forth in detail the circumstances thereof, including copies of the application(s), affidavit(s), and order(s).

**E.**    The government shall reveal to the Defendant and permit inspection and copying of all information and material known to the government that may be favorable to the Defendant on the issue of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976). When in doubt, the government

should err on the side of disclosure. *See Turner v. United States*, 137 S. Ct. 1885, 1893 (2017).

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the government has a continuing obligation to produce all evidence required by law and the Federal Rules of Criminal Procedure. *See id.* at 87 (holding that due process requires disclosure of "evidence [that] is material either to guilt or to punishment" upon request); *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (holding that the obligation to disclose includes evidence "known only to police investigators and not to the prosecutor," and that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf . . . including the police"); *United States v. Agurs*, 427 U.S. 97, 107 (1976) (holding that the duty to disclose exculpatory evidence applies even when there has been no request by the accused); *Giglio v. United States*, 405 U.S. 150, 153-54 (1972) (holding that *Brady* encompasses impeachment evidence); *see also* Fed. R. Crim. P. 16(a) (outlining information subject to government disclosure).

The government's obligation to provide exculpatory evidence pursuant to *Brady* in a timely manner is not diminished either by the fact that such evidence also constitutes evidence that must be produced later pursuant to the Jencks Act, 18 U.S.C. § 3500, or by the fact that such evidence need not be produced under Rule 16.

Accordingly, the Court directs the government to produce to the Defendant in a timely manner—including during plea negotiations—any evidence in its possession that is favorable to the Defendant and material either to the Defendant's guilt or punishment. The government is further directed to produce all discoverable evidence in a readily usable form. For example, the government must produce documents as they are kept in the usual course of business or must organize and label them clearly. The government must also produce electronically stored information in a form in which it is ordinarily maintained unless the form is not readily usable, in which case the government is directed to produce it in a readily usable form. If the information already exists or was memorialized in a tangible format, such as a document or recording, the information shall be produced in that format. If the information does not exist in such a format and, as a result, the government is providing the information in a summary format, the summary must include

sufficient detail and specificity to enable the defense to assess its relevance and potential usefulness.

Finally, if the government has identified any information which is favorable to the Defendant but which the government believes not to be material, the government shall submit such information to the Court for *in camera* review.

    **F.**    The government shall disclose to the Defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959). The government shall supply the Defendant with a record of prior convictions of any witness who will testify for the government at trial.

**II.**    **A.**    **Defense's Initial Obligations**: Unless otherwise ordered, any notice required by Federal Rule of Criminal Procedure 12.1 (alibi), 12.2 (insanity or use of expert evidence of mental condition), or 12.3 (public-authority defense) shall be served no later than **fourteen (14) days** after receipt of the government's Rule 16(a) discovery.

    **B.**    **Defense's Reciprocal Discovery**: Any Defendant requesting discovery of those items specified in Rule 16(a)(1)(E) and (F) shall **promptly** disclose to the government all documents and tangible items and reports of examinations and tests to be introduced at trial as defined in Rule 16(b)(1).

**III.**    **Government's Pretrial Obligations**:

    **A.**    The government shall instruct its law enforcement agents and officers involved in this case to preserve all rough notes.

    **B.**    **Rule 404(b) Evidence**: Not later than **fourteen (14) days** before the initial status conference scheduled below, the government shall advise the Defendant of the general nature of any evidence which it intends to introduce at trial pursuant to Federal Rule of Evidence 404(b), including any extrinsic act evidence which may be used during its case-in-chief, for impeachment, or for possible rebuttal purposes. *See United States v. Carrasco*, 381 F.3d 1237, 1240-1241 (11th Cir. 2004).

4

|     |     |     |
| --- | --- | --- |
|     | C.  | **Co-conspirators' Statements**: Not later than **fourteen (14) days** before the initial status conference scheduled below, the government shall advise the Defendant of the names of any unindicted co-conspirators whose statements will be offered against the Defendant in the government's case-in-chief under Federal Rule of Evidence 801(d)(2)(E). |
| IV. |     | It shall be the continuing duty of counsel for **both sides** to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this Order. |
| V.  | A.  | A motion attacking the sufficiency of the Indictment or seeking a bill of particulars must be filed within **fourteen (14) days** of the arraignment. |
|     | B.  | All other motions and memoranda concerning matters not covered by this Order must be filed within **thirty (30) days** after receipt of the government's Rule 16(a) discovery, and responses must be filed within **fourteen (14) days** thereafter subject to the below certification requirements. |
|     | C.  | The Court will not entertain any motion relating to discovery unless counsel for the moving party certifies to the Court in writing that: (1) counsel for the parties have been unable to resolve their differences or reach an agreement after holding a conference or that opposing counsel has refused to confer without good cause; and (2) the motion concerns matters which are not covered by this order and the relief requested is supported by a factual and legal showing as set forth in the motion and memorandum. |
| VI. |     | This case is set before the Honorable Kathryn Kimball Mizelle, United States District Judge, for the following matters: |

**FOR TRIAL** the weeks of the September 6, 2022, at 9:00 a.m. trial term.

**NOTE: In lieu of a scheduled status conference, the parties are directed to file before the fifteenth of each month a <u>joint</u> status report including the following information:**

5

1. A brief summary of the case's status, the number of remaining Defendants, and the number of any fugitives.

2. The possibility, if known, of a plea agreement as to each Defendant.

3. The number of days required for trial.

4. A list of all pending motions.

5. A brief explanation as to whether a potential speedy trial problem exists.

**AFTER THE FIRST DAY OF THE TRIAL TERM, ALL COUNSEL SHALL BE AVAILABLE AND READY FOR THE TRIAL UPON 24 HOURS NOTICE.**

VII. **Motions to Continue** must be filed as soon as the need for a motion to continue is determined, but **no later than forty-eight (48) hours prior to the status conference**. Any such motion shall state a reason under 18 U.S.C. § 3161(h)(7)(B) why a continuance is requested. Motions to continue *must* include the language that **defense counsel has specifically advised his or her client that by requesting this continuance, or consenting thereto, the Defendant has waived his or her rights to a speedy trial**, as well as language that they have consulted with the assigned Assistant U.S. Attorney and that the Government consents.

VIII. Unless otherwise ordered, **motions *in limine*** are due **fourteen (14) days** before the first day of the trial term. Any responses to such motions are due **seven (7) days** before the first day of the trial term.

IX. **Fourteen (14) days** before the first day of the trial term, the parties shall file a single set of proposed voir dire questions, jury instructions, a verdict form, and a redacted copy of the Indictment, if appropriate. Counsel should provide legal citations for each jury instruction and may include

6

additional or modified instructions if the parties cannot agree on a particular instruction. Counsel should email a copy of the proposed jury instructions and a verdict form in Word format to the chambers email address and to the courtroom deputy.

SO ORDERED in Tampa, Florida, this 27th day of July 2022.

*[signature]*

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record