UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CRIMINAL CASE NO. 8:22-cr-72-KKM-CPT

vs.

VITALII CHYCHASOV,
Defendant.
_____/

**GOVERNMENT'S UNOPPOSED MOTION FOR
ALTERNATIVE VICTIM NOTIFICATION
UNDER 18 U.S.C. § 3771(d)(2)**

The United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by section 3771(a), (b) and (c), on the grounds that the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a).

The Crimes Victims' Rights Act (the "Act"), codified at 18 U.S.C. § 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the

detection, investigation and prosecution of crime make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense . . ." 18 U.S.C. § 3771(e). Importantly, the Act recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id*.

This case involves a series of largely identical online marketplaces operated several administrators, including defendant CHYCHASOV. The sites were accessible through several domains, and sold personally identifiable information of U.S. citizens, including names, social security numbers, and addresses, to buyers all over the world. Each listing on the marketplaces included at least one U.S. social security number, which is an access device. Social security numbers can be used to process tax returns, apply for government benefits and obtain credit from financial

institutions. Accordingly, stolen social security numbers can be used to commit a variety of frauds, including tax fraud, unemployment insurance fraud, loan fraud, credit card fraud, and the like.

Investigators have determined that the marketplace sites have listed the social security numbers belonging to at least 24,000,000 individuals in the United States, since the first iteration of the site was launched in or August 2017. Each of the 24,000,000 persons whose data was available for sale on the marketplace sites could be considered a victim.

This number of victims make compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable. Neither the government nor the Court has the resources to accord all of the victims in this case the notice required by subsection 3771(a). Therefore, due to the large number of victims in this case, the Government intends to use the Justice Department's website for large cases, http://justice.gov/largecases/, to direct victims to a case-specific website where all required notices will be posted. The Government will issue a press release informing individuals who believe they may be victims to access the Justice Department website for more information. Victim notification at the corrections stage will be provided through the Bureau of Prisons' website, www.bop.gov.

The undersigned AUSA has conferred with defense counsel regarding this motion, and defense counsel does not oppose the requested relief.

## CONCLUSION

Based on the foregoing, the government requests the Court grant the motion for alternative victim notification procedures.

> Respectfully submitted,
>
> ROGER B. HANDBERG
> United States Attorney

By: */s/ Rachel Jones*

Rachel K. Jones
Assistant United States Attorney
Florida Bar No. 091492
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
Phone: (813) 274-6000
Fax: (813) 274-6178
Email: Rachel.Jones@usdoj.gov

U.S. v. VITALII CHYCHASOV         Case No. 8:22-cr-72-KKM-CPT

### CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Arkady Bukh
    Jon Hackworth

By: _/s/ Rachel_____
    Rachel K. Jones
    Assistant United States Attorney