# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                          Case No: 8:22-cr-72-KKM-CPT

VITALII CHYCHASOV,

    Defendant.

_____

## ORDER

On November 27, 2023, Vitalii Chychasov received a sentence of ninety-six months' imprisonment after he pleaded guilty to one count of conspiring to commit access device fraud and one count of trafficking in unauthorized access devices. (Doc. 66) at 1–2; *see* 18 U.S.C. §§ 2, 371, 1029(a)(2)–(3), (c)(1)(A)(i). I granted the government's substantial assistance motion and reduced Chychasov's sentence to seventy months' imprisonment.[1] (Docs. 69, 75, 76). The charges related to Chychasov's operation of websites that sold the personal information (such as social security numbers) of millions of American citizens "and generated more than $19,000,000 in sales revenue." Resp. (Doc. 89) at 1. Chychasov moves for compassionate release and requests a reduction of his

---

[1] According to Chychasov, the Bureau of Prisons calculated his projected release date as March 22, 2026, whereas the government reports the date as April 21, 2026. *Compare* 2d Motion for Compassionate Release (Doc. 86) at 1, *with* Resp. at 2.

sentence, 2d Mot. for Compassionate Release (2d Mot.) (Doc. 86), and the government responds, Resp. I deny the motion.

## I.    LEGAL STANDARD

Subject to ordinary appellate and collateral review, sentences of imprisonment are generally final. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1) sets out one exception, commonly called "compassionate release." *United States v. Handlon*, 97 F.4th 829, 831–32 (11th Cir. 2024) (per curiam). For his compassionate-release motion to be considered on the merits, a prisoner must either exhaust his administrative remedies with the Bureau of Prisons, or else the prisoner's warden must fail to act on a request for compassionate release within thirty days of receipt. 18 U.S.C. § 3852(c)(1). That threshold requirement being met, a court may order compassionate release only if (1) "extraordinary and compelling reasons warrant" release, (2) the factors in 18 U.S.C. § 3553(a) support release, and (3) release is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*; *accord United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). The applicable policy statement is U.S.S.G. § 1B1.13. *See United States v. Bryant*, 996 F.3d 1243, 1252 (11th Cir. 2021). "Because all three conditions—*i.e.*, support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the

2

absence of even one would foreclose a sentence reduction." *Handlon*, 97 F.4th at 832 (quoting *Tinker*, 14 F.4th at 1237–38).

### III.   ANALYSIS

Previously, Chychasov moved for compassionate release because of his wife's health. 1st Mot. (Doc. 77); Mem. (Doc. 78). I denied the motion because Chychasov's filings did not support his argument that he was the only available caregiver for his wife and their daughter. *See* Order (Doc. 81) at 2–4. I also concluded that a reduction was not warranted under the § 3553(a) factors in the light of "the widespread nature of the conspiracy and the harm to both the victims and the American taxpayers." *Id.* at 4. Chychasov moved for reconsideration, and I denied the motion. *See* (Docs. 82, 85).

Less than three months later, Chychasov filed the instant motion for compassionate release. He points to five purported "extraordinary and compelling reasons" for ordering his early release:  (1) "[t]he extended length of [his] sentence;" (2) "his evident rehabilitation;" (3) the "low likelihood of recidivism;" (4) his "family caregiver circumstances;" and (5) "a 'gross' disparity" in sentencing. 2d Mot. at 2, 4 (all caps removed and typos corrected). Because the first three are not independently sufficient reasons under the guidelines, I turn to the fourth and fifth.

3

Chychasov alleges that he must return to Ukraine "to [evacuate] his aged parents" who are "in a war zone." *Id.* at 3. He avers that his father "suffers from Type I diabetes, arteriosclerosis, and the onset of dementia." *Id.* As a result, his father "requires twice daily injections under the constant care of a physician," and "[h]is fate is dire once severed from a source of medication." *Id.* Chychasov's mother "is more spry," but nonetheless "is a slow walker" due to "arthritis and vericose veins." *Id.*

Chychasov has not shown an extraordinary and compelling reason for release under U.S.S.G. § 1B1.13(b). It is true that "extraordinary and compelling" circumstances may include "[t]he incapacitation of the defendant's parent," *United States v. Robelo-Galo*, 166 F.4th 1311, 1313 (11th Cir. 2026) (quoting U.S.S.G. § 1B1.13(b)(3)(C)). But this provision only applies "when the defendant would be the only available caregiver for the parent." *Id.* While Chychasov's motion uses the heading "only available family caregiver," he does not actually allege to be the only available caregiver for his father. *See* 2d Mot. at 2–3. Indeed, he admits that his mother "is more spry" and that his father is currently receiving "the constant care of a physician." *Id.* at 3. And even if being in a war zone qualified as "incapacitation," Chychasov does not allege that he is the only person who could evacuate them. *See id.* at 1–4. Accordingly, he has failed to show that his family circumstances permit compassionate release.

4

Next, Chychasov invokes a "retroactive change in the law" under Amendment 821 to argue that he would be eligible for a two-point deduction if sentenced today because of his lack of criminal history. *See id.* at 4. As the Office of the Federal Defender notes, Chychasov "already received a reduction to the lowest permissible sentence under the amendment." Notice Re: Amendment 821 (Doc. 94) at 3. As a result, there is no "extraordinary and compelling reason" to warrant a further sentence reduction.

Moreover, Chychasov again fails to persuade that a sentence reduction is warranted under 18 U.S.C. § 3553(a). I have reviewed the § 3553(a) factors and Chychasov's arguments—mainly his lack of criminal history, "evident rehabilitation," and "low likelihood of recidivism," 2d Mot. at 2—and conclude that the factors do not support a reduction. Given, among other things, the widespread nature of the conspiracy and the harm to both the victims and the American taxpayers, I conclude that Chychasov's current sentence, despite his arguments to the contrary, "continues to reflect the seriousness of the crime, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant." Resp. at 8; *see, e.g.,* 18 U.S.C. § 3553(a)(2).

*     *     *

5

Accordingly, Chychasov's motion for compassionate release (Doc. 86) is

**DENIED.**

**ORDERED** in Tampa, Florida, on March 17, 2026.

Kathryn Kimball Mizelle
United States District Judge

6